IN THE CIRCUIT COURT OF HARDIN COUNTY, TENNESSEE

COPY

CHARLES W. WHITE, )
PLAINTIFF, )
VS. )
NATIONWIDE INSURANCE COMPANY, )
DEFENDANT, )

NO. 4286
JURY DEMANDED

FILED 5th DAY OF June 2009 AT 10:35 AM
DIANE POLK, CL. &K
BY: Ira Smith D. CLERK

## COMPLAINT

Comes now the Plaintiff, and sues the Defendant, Nationwide Insurance Company, and, for cause of action, he would allege as follows:

I.

That at all times material herein, the Plaintiff was a citizen and resident of Hardin County, Tennessee, and he was the owner of certain real property and the improvements situate in Hardin County, Tennessee, and that said property and the improvements thereon were the personal residence of the Plaintiff.

II.

That at all times material herein, the Defendant Insurance Company was a foreign corporation doing business in the State of Tennessee and was duly authorized to carry on the business of insuring against loss or damage to property by fire in the State of Tennessee.

III.

That in and by its certain Standard Homeowner Policy, duly executed and

EXHIBIT 1

delivered to the Plaintiff, the Defendant Insurance Company, in consideration of premiums paid by the Plaintiff, insured the Plaintiff against all loss or damage by fire on the above identified property, the improvements thereon, and the contents thereof.

IV.

That in and by the said Standard Homeowner Policy, the Defendant Insurance Company contracted and agreed to insure the above identified property and the improvements thereon, against loss by fire, with certain stated limits of liability; and further undertook to insure the contents of the Plaintiff's residence, against loss by fire, with certain stated limits of liability.

V.

That on or about September 4, 2008, the insured property, consisting primarily of a dwelling house and the contents therein, were destroyed, or damaged or rendered virtually worthless by a fire of unknown origin, and that on said date the above mentioned Standard Homeowner Policy was in full force and effect.

VI.

That the Defendant Insurance Company was given due and proper notice of the above mentioned loss by fire, and the Plaintiff was duly performed all the conditions required by the applicable contract of insurance on his part to be performed, and the Plaintiff has further cooperated with the Defendant Insurance Company in all respects and has fully complied with all of the Defendant Insurance Company's reasonable and proper requests. After his subsequent compliance of all policy conditions, the Defendant Insurance company has failed and refused to fully honor the involved contract of insurance and has failed and refused to pay the Plaintiff all of the insurance benefits to

which he is entitled.

VII.

The Plaintiff would further state and show unto the Court that, by a letter from the Defendant Insurance Company, dated January 15, 2009 to the Plaintiff, the Defendant Insurance Company advised the Plaintiff, among other things, that the Defendant Insurance Company was denying the claim of the Plaintiff arising out of the involved fire loss. Attached is letter marked as "Exhibit A".

VIII.

WHEREFORE, the Plaintiff sues the Defendant Insurance Company for the applicable limits of liability as stated in the contract of insurance, together with pre-judgment interest on all sums owed the Plaintiff.

IX.

The Plaintiff demand a jury to try the issues of this cause.

JOE L. BROWN, BPR#022450
Attorney for Plaintiff
419 Main Street
Savannah, TN 38372
(731) 925-2202

**COST BOND**

I am surety for the costs of this cause.

JOEL L. BROWN

EXhibit "A"

Nationwide® On Your Side®

Nationwide Insurance
Allied Insurance
Nationwide Agribusiness
Titan Insurance
Victoria Insurance




7100 Commerce Way, Suite 195 * Brentwood, TN 37027 * *

January 15, 2009

Charles White
30 Mother In Law Street
Savannah, TN 38372-3853

**OUR INSURED:** Charles White
**OUR CLAIM NUMBER:** 63 41 HO 142156 09042008 01
**DATE OF LOSS:** 09-04-2008
Property Location: 110 Schoolhouse Road, Olive Hill, TN 38475-9081

Dear Charles White:

Nationwide Mutual Fire Insurance Company ("Nationwide") has determined you made a material misrepresentation in your application for insurance by failing to disclose your prior criminal convictions. This misrepresentation was made by you with the actual intent to deceive Nationwide and/or it increased the risk of loss. As a result of this, Nationwide has elected to declare the policy ab initio and to rescind the insurance contract. You will be receiving a refund of your premiums under separate cover.

In addition to rescinding the insurance contract, Nationwide has determined you are not entitled to payment of insurance proceeds because of your breach and/or violation of the following insurance contract provisions:

PROPERTY EXCLUSIONS

(Section I)

1. We do not cover loss to any property resulting directly or indirectly from any of the following. Such a loss is excluded even if another peril or event contributed concurrently or in any sequence to cause the loss.

   g) Intentional Acts, meaning loss resulting from an act committed by or at the direction of an insured that may reasonably be expected to result from such acts, or is the intended result from such acts. Intentional acts include criminal acts. Such acts exclude coverage for all insureds.

* * *

General Policy Conditions

2. CONCEALMENT OR FRAUD

   a) This policy is void as to all insureds if you or any other insured has intentionally misrepresented any material fact or circumstance which would have caused us to not issue or renew this policy.

Tennessee law requires the following notice: It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.




Nationwide Insurance
Allied Insurance
Nationwide Agribusiness
Titan Insurance
Victoria Insurance

b) This policy does not provide coverage for all insureds if you or any other insured, either before or after a loss, has:

(1) Intentionally concealed or misrepresented any material fact or circumstance; or

(2) committed any fraud or made false statements relating to such loss.

Nationwide has further determined that you and/or others at your direction and with your knowledge, consent and permission did intentionally set fire to the property for the purpose of destroying it and defrauding Nationwide of insurance proceeds. Should you have any questions about this matter, please direct those to our attorney, Gary A. Brewer, at Brewer, Krause, Brooks, Chastain & Burrow, PLLC, 611 Commerce Street, Suite 2600, Nashville, TN 37203; Phone: 615-256-8787.

Respectfully submitted,

Nationwide Mutual Fire Insurance Company
Richard Smith
Claims Department

Tennessee law requires the following notice: It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.







7008 3230 0002 4321 3701 6/18/09
NATIONWIDE GENERAL INSURANCE CO.
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710

**STATE OF TENNESSEE**
**CIRCUIT COURT OF HARDIN COUNTY, TENNESSEE**

COPY

**CHARLES W. WHITE**
**PLAINTIFF,**

**CIVIL SUMMONS**

**VS.**
**NATIONWIDE INSURANCE COMPANY,**
**DEFENDANT,**

**NO.** 4286

**Action:**
**To be served thru the Commissioner of Insurance of The State of Tennessee**

To the above named defendant (s): **Nationwide Insurance Company**
**Commerce Way, Suite 195**
**Brentwood, TN 37027**

You are hereby summoned to answer and make defense to a Complaint which has been filed against you in the above-styled action and court. Your defense to the Complaint must be filed in the office of the clerk of this court, whose address is shown below, not later than thirty (30) days after service of this summons upon you, and you are further required to serve a copy of your answer or other defensive pleadings upon Joe L. Brown, Attorney for the Plaintiff, whose street address is 419 Main Street, Savannah, TN 38372. If you fail to make defense within the time hereinabove provided, judgment by default will be rendered against you for the relief demanded in this Complaint.

Issued and tested under my hand and the seal of said court, this the 5th day of June, 2009.

FILED 5th DAY OF June 2009 AT 10:35 AM/PM
DIANE POLK, CLERK
BY: Tina Smith D. CLERK

HARDIN COUNTY CIRCUIT COURT CLERK
By: Tina Smith DC
Clerk/Deputy Clerk

Received this ________ day of ___________, 2009.
By: ____________________________

**RETURN OF SERVICE SUMMONS**

I hereby certify and return, that on the _______ day of _____________, 2009, I served this **Summons together with the Complaint herein as follows:**

______________________________________________

______________________________________________

______________________________
SHERIFF/DEPUTY SHERIFF

**(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Procedure)**





**Service of Process Transmittal**
06/22/2009
CT Log Number 515035155

**TO:** Randolph Wiseman
Nationwide Mutual Insurance Company
One Nationwide Plaza 1-38-11
Columbus, OH 43215-2220

**RE: Process Served in Tennessee**

**FOR:** Nationwide General Insurance Company (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Charles W. White, Pltf. vs. Nationwide Insurance Company, Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Cost Bond, Exhibit |
| **COURT/AGENCY:** | Hardin County Circuit Court, TN<br>Case # 4286 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for loss of Pltf.'s property caused by a fire on September 4, 2008 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/22/2009 postmarked on 06/19/2009 |
| **APPEARANCE OR ANSWER DUE:** | Not later than 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Joe L. Brown<br>419 Main Street<br>Savannah, TN 38372<br>731-925-2202 |
| **REMARKS:** | Process served/received by Department of Commerce and Insurance on June 12, 2009 // Letter indicates that process is for Nationwide General Insurance Company. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/22/2009, Expected Purge Date: 06/27/2009<br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 865-342-3522 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



STATE OF TENNESSEE
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

June 18, 2009

Nationwide General Insurance Co.
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 23760

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 3230 0002 4321 3701
Cashier # 3572

Re: Charles W. White V. Nationwide General Insurance Co.

Docket # 4286

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Complaint was served on me on June 12, 2009 by Charles W. White pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Hardin County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
Hardin County
601 Main Street
Savannah, Tn 38372